651 N.W.2d 748 (2002)
Terrance BROWN, Plaintiff/Counter-Defendant/Appellee,
v.
MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Defendant/Counter-Plaintiff/Appellant, and
Michigan Millers Mutual Fire Insurance Company, Defendant/Counter-Plaintiff/Third-Party Plaintiff/Appellant, and
Linda Brown, Third-Party Defendant/Appellee.
Docket No. 121080, COA No. 225207.
Supreme Court of Michigan.
October 8, 2002.
On order of the Court, the application for leave to appeal from the February 8, 2002 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., states as follows:
I join the majority in denying leave because the provisions of M.C.L. § 500.3105(1) do not, in my judgment, allow defendant insurer to withhold benefits in a case such as this. Nonetheless, I agree with the Court of Appeals that defendant "has identified a social problem *749 that should be addressed." Therefore, I call to the attention of the Legislature the following issue: whether it intends that a passenger, in a vehicle from which a drive-by shooting has occurred, who has been injured in the course of that vehicle's flight from the scene of the shooting, is nonetheless entitled to no-fault benefits. While there are questions of fact as to whether the plaintiff here can be characterized in this manner, it has been assumed for purposes of our legal analysis that he can be and that he is nonetheless entitled to such benefits.