# Order

Michigan Supreme Court
Lansing, Michigan

December 12, 2008

133887

BUDGET RENT-A-CAR SYSTEM, INC.,
      Plaintiff-Appellee,

v

CITY OF DETROIT and DETROIT POLICE
DEPARTMENT,
      Defendants-Appellants.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133887
COA: 271703
Wayne CC: 05-501303-NI

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of May 2, 2008. The application for leave to appeal the February 1, 2007 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

The result in this case — affording no-fault benefits to a fleeing felon who was aiming a firearm at a pursuing police officer — is extremely troubling, but I agree with this Court and with the Court of Appeals that the law is clear that an insurer is required to pay personal protection insurance benefits for any "accidental bodily injury arising out of the . . . use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1). Moreover, "[e]ven though a person knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to property or to any person including himself." MCL 500.3105(4). I see no basis for the dissent's conclusion that the claimant did not act "for the purpose of averting injury to . . . any person including himself." However reprehensible his conduct, the claimant clearly acted for the purpose of averting injury to *himself*, if not to anyone else.

Further, while I view the instant result to verge on the "absurd," it is difficult in light of the Legislature's response to an earlier, similar decision of this Court to conclude, as the "absurd results" rule requires, that it is "impossible that [our Legislature] could have intended the result . . . ." *Public Citizen v United States Dep't of Justice,* 491 US

440, 471 (1989) (Kennedy, J., concurring). In *Brown v Michigan Millers Mut Ins Co,* 467 Mich 886 (2002), a passenger in a vehicle involved in a drive-by shooting was awarded no-fault benefits when he was injured as the vehicle fled from the scene of the shooting. This Court denied leave to appeal, and I wrote a statement characterizing this result as a "social problem," and calling this "to the attention of the Legislature." Given that the Legislature has been made aware of this problem, and has chosen not to amend the law in the ensuing six years, I can only conclude that the words of this statute mean what they say and that the Legislature *does* intend that a no-fault insurer be liable in these circumstances. It is for the Legislature to determine our laws, and, for better or worse, it has clearly done so here.

WEAVER, J. (*dissenting*).

I dissent from the order vacating this Court's order of May 2, 2008, granting the defendants' application for leave to appeal.

Having heard oral argument, I would reverse the Court of Appeals judgment that affirmed the trial court's grant of summary disposition in the plaintiff's favor and would hold that the plaintiff is not entitled to reimbursement from the defendants for no-fault benefits the plaintiff mistakenly paid to the claimant.[1]

The claimant was not entitled to no-fault benefits because his injuries did not arise out of an "accidental bodily injury" as defined in MCL 500.3105.[2] The injuries sustained by the claimant occurred as a result of the claimant's use of a vehicle rented from the

---

[1] The plaintiff, Budget Rent-a-Car System, Inc., which is self-insured, paid personal protection insurance benefits to the claimant after he rented a vehicle from the plaintiff and was subsequently injured. The plaintiff now seeks reimbursement from both defendants, the city of Detroit and the Detroit Police Department, which are also self-insured.

[2] MCL 500.3105(4) states:

> Bodily injury is accidental as to a person claiming personal protection insurance benefits unless suffered intentionally by the injured person or caused intentionally by the claimant. Even though a person knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to property or to any person including himself.

plaintiff for the commission of criminal acts.[3]

While the claimant may not have intended to be injured, he "caused" his injuries by intentionally engaging in criminal behavior that put him at risk of injury and in fact resulted in his injuries. Indeed, MCL 500.3105(4) provides that even if a claimant "knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to property or to any person including himself."

Because the claimant did not act, or refrain from acting, "for the purpose of averting injury to . . . any person including himself," the claimant's injuries were not "accidental." Thus, I dissent and would reverse the Court of Appeals order affirming the trial court's grant of summary disposition to the plaintiff. Any remedy for plaintiff's error in mistakenly paying the claimant no-fault benefits for injury stemming from the claimant's intentional criminal activity must be pursued against the claimant.

---

[3] The Court of Appeals summarized the facts as follows:

> Hurt [claimant] rented a 2004 Monte Carlo automobile from plaintiff on approximately December 27, 2003. Hurt was operating the vehicle on January 16, 2004 when the Detroit Police observed Hurt allegedly engaged in a suspected narcotics transaction. Detroit Police Officer Arthur Wimmer responded to a radio call regarding the transaction. Wimmer, who was driving an unmarked police vehicle, stopped the vehicle as part of a traffic stop. As Wimmer approached the rented vehicle on foot, Hurt sped away at a high rate of speed. Wimmer followed Hurt's vehicle at an accelerated pace until Hurt lost control of the rented vehicle and it eventually came to a stop off the traveled portion of the road. Wimmer's police report and deposition state that he remained in his police vehicle while he approached Hurt in an attempt to contain Hurt until additional police assistance arrived. The police report also states that Hurt exited the driver's door of the rented vehicle with a handgun in his hand and pointed it directly at Wimmer from a semi-crouched position between the open door and the interior of the automobile. Wimmer ducked down, accelerated, and crashed into the driver's side door of the rented vehicle, resulting in damage to the vehicle and injury to Hurt. Hurt then ran away into an alley where police took him into custody. Hurt suffered laceration of his left leg and received treatment at Detroit Receiving Hospital. [*Budget Rent-A-Car Sys, Inc v Detroit*, unpublished opinion per curiam of the Court of Appeals, issued February 1, 2007 (Docket No. 271703), p 1.]



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 12, 2008

Clerk